UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Bryant Wicks, | ) C/A No. 4:16-cv-3652-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Hon. Nikki R. Haley, | ) |
| Sheriff Kenny Boone, | ) |
| E.L. Clements, III, | ) |
| Connie Reel-Shearin, | ) |
| James W. Carter, | ) |
| Anita Scott, | ) |
| Angie N. West, | ) |
| Rick Ervin, | ) |
| Sgt. Huggins, | ) |
| Sheriff Kevin L. Auten, | ) |
| Sgt. Marielle Kruk, | ) |
| Jeff Johnson, | ) |
| William V. Meetze, | ) |
| Sgt. Christopher Niel, | ) |
| Hon. McCrory, | ) |
| Defendants. | ) |

This is a civil rights action filed by a *pro se* litigant who indicates that he is a pretrial detainee. Because Plaintiff cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Plaintiff's case is not yet in proper form and a separate order has been issued directing Plaintiff to bring his case into proper form. On November 28, 2016, Plaintiff filed a "Petition for an Emergency Protection from Abuse Act." The court construes this motion as a motion for a

preliminary injunction. Plaintiff states that he is suffering injuries due to sexual assault from other inmates. Plaintiff states that the Defendants have already placed him in protective custody.

Plaintiff's Motion is unclear as to what specific relief he is seeking. A preliminary injunction is "an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). To obtain a preliminary injunction, a movant must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest" *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has failed to allege that he meets all four elements under the *Winter* standard. Therefore, it is recommended that his Motion be denied. (ECF No. 13).

## RECOMMENDATION

It is, therefore, RECOMMENDED that Plaintiff's Motion be denied. (ECF No. 13).

December 7, 2016
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).